**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN241057)
7095 Indiana Ave Ste 200
Riverside, CA 92506
(951) 682-9311
Email: trentpackerlaw@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO YEPEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>THE COUNTY OF SAN BERNARDINO, CALIFORNIA; ROGER ALFARO; KALA MESERVEY; JASON BOORD; AND DOES 1-10.<br><br>   Defendants. | Case No. 5:21-cv-00123<br><br>**COMPLAINT FOR DAMAGES:**<br><br>(1) 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)<br>(2) 42 U.S.C. § 1983 (Municipal Liability –Unconstitutional Custom or Practice)<br>(3) 42 U.S.C. § 1983 (Municipal Liability – Failure to Train)<br>(4) 42 U.S.C. § 1983 (Municipal Liability – Ratification)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alonso Yepez files this action pursuant to 42 U.S.C. § 1983 and hereby alleges as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with a January 26, 2019 arrest that left PLAINTIFF with a severe concussion and serious injuries to his torso and legs.

2.      DEPUTY ROGER ALFARO is a deputy with the San Bernardino County Sheriff's Department.  He proximately caused PLAINTIFF's injuries by striking PLAINTIFF multiple times in the head, including a kick to the face as PLAINTIFF lay motionless on the ground, that left PLAINTIFF with multiple staples to his head and a lasting head injury.  At all relevant times, DEPUTY ALFARO was acting under color of law within the course and scope of his duties as a deputy working for the San Bernardino County Sheriff's Department.  At all relevant times, DEPUTY ALFARO was acting with the complete authority and ratification of his principal, COUNTY OF SAN BERNARDINO.

3.      DEPUTY KALA MESERVEY is a deputy with the San Bernardino County Sheriff's Department.  She proximately caused PLAINTIFF's injuries by striking him multiple times with her baton causing PLAINTIFF lasting physical injuries.  At all relevant times, DEPUTY MESERVEY was acting under color of law within the course and scope of her duties as a deputy working for the San Bernardino County Sheriff's Department.  At all relevant times, DEPUTY MESERVEY was acting with the complete authority and ratification of his principal, COUNTY OF SAN BERNARDINO.

4.      DEPUTY JASON BOORD is a deputy with the San Bernardino County Sheriff's Department.  He proximately caused PLAINTIFF's injuries

2

by deploying his taser on PLAINTIFF while PLAINTIFF presented no threat to any officers or anyone at all and causing PLAINTIFF lasting injuries.  At all relevant times, DEPUTY BOORD was acting under color of law within the course and scope of his duties as a deputy working for the San Bernardino County Sheriff's Department.  At all relevant times, DEPUTY BOORD was acting with the complete authority and ratification of his principal, COUNTY OF SAN BERNARDINO.

5.      Does 1-5, inclusive, ("DOE DEPUTIES") caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/ or omissions around the time of the incident.

6.      Defendants COUNTY OF SAN BERNARDINO and DOES 6-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

7.      This action is in the public interest as PLAINTIFF seeks by means of this civil rights action to hold accountable those responsible for the serious bodily injury inflicted by DEFENDANTS, including ALFARO and MESERVEY, BOORD, and COUNTY OF SAN BERNARDINO's ratification, failure to train, and policy of inaction in the face of serious constitutional violations.

## THE PARTIES

8.      At all relevant times, PLAINTIFF Alonso Yepez was an individual residing in San Bernardino County, California.

9.      Defendant COUNTY OF SAN BERNARDINO is a political subdivision of the State of California that is within this judicial district. COUNTY OF SAN BERNARDINO is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department and its agents and

3

Case 5:21-cv-00123-JGB-SHK    Document 1    Filed 01/22/21    Page 4 of 26    Page ID #:4

1    employees.    At all relevant times, Defendant COUNTY OF SAN
2    BERNARDINO was responsible for assuring that actions, omissions, policies,
3    procedures, practices, and customs of the San Bernardino County Sheriff's
4    Department and its employees and agents complied with the laws of the United
5    States and the State of California.   At all relevant times, COUNTY OF
6    BERNARDINO was the employer of Defendants DOES 1-10.

7        10.    Defendant DEPUTY ALFARO is and at all times mentioned
8    herein was a deputy with the San Bernardino County Sheriff's Department.
9    At all relevant times, DEPUTY ALFARO was acting under color of law within
10   the course and scope of his duties as a deputy working for the San Bernardino
11   County Sheriff's Department.  At all relevant times, DEPUTY ALFARO was
12   acting with the complete authority and subsequent ratification of his principal,
13   COUNTY OF SAN BERNARDINO.

14       11.    Defendant DEPUTY MESERVEY is and at all times mentioned
15   herein was a deputy with the San Bernardino County Sheriff's Department.
16   At all relevant times, DEPUTY MESERVEY was acting under color of law
17   within the course and scope of her duties as a deputy working for the San
18   Bernardino County Sheriff's Department.   At all relevant times, DEPUTY
19   MESERVEY was acting with the complete authority and subsequent
20   ratification of his principal, COUNTY OF SAN BERNARDINO.

21       12.    Defendant DEPUTY BOORD is and at all times mentioned herein
22   was a deputy with the San Bernardino County Sheriff's Department.  At all
23   relevant times, DEPUTY BOORD was acting under color of law within the
24   course and scope of his duties as a deputy working for the San Bernardino
25   County Sheriff's Department.  At all relevant times, DEPUTY BOORD was
26   acting with the complete authority and subsequent ratification of his principal,
27   COUNTY OF SAN BERNARDINO.

28

4
COMPLAINT FOR DAMAGES

13.     Defendant Does 1-5 are deputies working for the San Bernardino County Sheriff's Department.  At all relevant times, DEFENDANTS DOES 1-5 were acting under color of law within the course and scope of their duties as deputies working for the San Bernardino County Sheriff's Department.  At all relevant times, DEFENDANTS DOES 1-5 were acting with the complete authority and ratification of their principal, COUNTY OF SAN BERNARDINO.

14.     Defendants DOES 6-10, inclusive, are managerial, supervisorial, or policymaking employees of the San Bernardino County Sheriff's Department who were acting under color of law within the course and scope of their duties as supervisorial officers for the San Bernardino County Sheriff's Department.  DOES 6-10, inclusive, were acting with the complete authority of their principal, COUNTY OF SAN BERNARDINO.

15.     PLAINTIFF is ignorant of the true names and capacities of Defendants Does 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. PLAINTIFF is informed and believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused PLAINTIFF'S damages.

16.     On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of San Bernardino.

17.     PLAINTIFF is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

COMPLAINT FOR DAMAGES

18. PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all Defendants acted under color of law, statute, ordinance, regulations, customs and usages of the State of California and COUNTY OF SAN BERNARDINO.

19. All Defendants who are natural persons, including DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives of the San Bernardino County Sheriff's Department.

20. PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of DEPUTY ALFAR. Defendant DEPUTY ALFARO is directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

21. PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of DEPUTY MESERVEY. Defendant DEPUTY MESERVEY is directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

22. PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of DEPUTY BOORD. Defendant DEPUTY BOORD is directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

23. PLAINTIFF suffered serious bodily injury as a direct and proximate result of the actions of DOES 1-5, inclusive. Defendants DOES 1-5, inclusive, are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

1

**JURISDICTION AND VENUE**

2      24.    The Court has jurisdiction over PLAINTIFF's federal law claims

3    pursuant to 28 U.S.C. §§ 1331 and 1343.

4      25.    Venue in this judicial district is proper pursuant to 28 U.S.C. §

5    1391(b), because all incidents, events, and occurrences giving rise to this

6    action occurred within the County of San Bernardino, California.

7

**GENERAL ALLEGATIONS**

8      26.    PLAINTIFF repeats and realleges each and every allegation of

9    paragraphs 1 through 25, inclusive, as if fully set forth herein.

10     27.    PLAINTIFF sustained injuries, including but not limited to pain

11   and suffering, when Defendant DEPUTIES ALFARO, MESERVEY, and

12   BOORD, and DOES 1-5, on-duty employees of the San Bernardino County

13   Sheriff's Department, each of whom was acting under color of law and as an

14   employee or agent of the County of San Bernardino.

15     28.    On January 26, 2019, officers responded to the intersection of

16   Morongo Road and Sunnyside Drive in Twentynine Palms, California and

17   found PLAINTIFF standing in the street.

18     29.    DEPUTY ALFARO arrived on scene and saw that PLAINTIFF's

19   hands were visibly empty.    DEPUTY ALFARO had a rifle pointed at

20   PLAINTIFF.

21     30.    There were at least six deputies on scene and PLAINTIFF

22   complied with commands to get on the ground.  While PLAINTIFF was on the

23   ground, Deputy ALFARO handed his rifle off to his partner Deputy Robles

24   and pulled out his handgun.  When DEPUTY ALFARO pulled out his gun, he

25   had PLAINTIFF at gunpoint, Deputy Robles had PLAINTIFF at rifle point,

26   Deputy Roche had a bean bag gun pointed at PLAINTIFF, and DEPUTY

27   BOORD first had a gun, and then a taser pointed at PLAINTIFF.

28

COMPLAINT FOR DAMAGES

31.    PLAINTIFF was lying in the street.  His hands were visible and there was nothing in either hand.  At least five officers surrounded PLAINTIFF.  PLAINTIFF was not making any furtive movements, not trying to escape, was not resisting and was not assaultive, and not engaging the deputies at all.  PLAINTIFF was complying with the deputies' commands to lie down.

32.    Notwithstanding PLAINTIFF's compliance, DEPUTY ALFARO began to hit PLAINTIFF repeatedly in the head.  DEPUTY ALFARO had his handcuffs in his hand and used them as a weapon to pummel PLAINTIFF in his head.  DEPUTY ALFARO also struck PLAINTIFF in his side with a vicious knee strike.

33.    At the same time that DEPUTY ALFARO beat PLAINTIFF in the head, DEPUTY BOORD used his taser on PLAINTIFF for at least six seconds even though PLAINTIFF was lying in the street and presented no danger to the officers or anyone else.  DEPUTY BOORD never gave a warning that the taser would be used, despite it being feasible to do so.

34.    DEPUTY MESERVEY pulled out her baton and struck PLAINTIFF at least 3 times in his legs and lower body.

35.    PLAINTIFF convulsed as DEPUTY ALFARO struck PLAINTIFF in the head, DEPUTY MESERVEY hit PLAINTIFF with her baton, and DEPUTY BOORD tased PLAINTIFF.

36.    After the series of strikes and the taser deployment, PLAINTIFF was lying motionless on the ground.  PLAINTIFF's hands were still visible. There was still nothing in either of PLAINTIFF's hands.  PLAINTIFF was surrounded by five armed officers.  PLAINTIFF presented no threat to any of the officers or anyone else.  PLAINTIFF never verbally threatened any of the officers or anyone else.  Defendants had not information that any person was injured and Plaintiff never attempted to punch or kick any officer or any other

person.  Defendants knew or should have known that Plaintiff suffered from a mental illness.

37.    DEPUTY ALFARO stepped away from PLAINTIFF as PLAINTIFF lay motionless on the ground.  DEPUTY ALFARO was several feet clear of PLAINTIFF.  PLAINTIFF presented no threat to DEPUTY ALFARO or anyone else.  After approximately three seconds, DEPUTY ALFARO took a full step forward, swung his leg back, and kicked PLAINTIFF with full force in the head.

38.    After the savage beating, PLAINTIFF was left with a bleeding scalp.  He was taken to the hospital and diagnosed with a taser injury, multiple scalp lacerations, and a head injury.  Doctors had to use staples to close PLAINTIFF's head wounds.

39.    As a result of the actions of DEPUTIES ALFARO, MESERVEY, BOORD, and DOE DEFENDANTS 1-5, PLAINTIFF suffered a head injury and extensive damage to his legs and abdomen.

40.    The use of force against PLAINTIFF was excessive and objectively unreasonable under the circumstances.  Defendant DEPUTIES ALFARO, MESERVEY, BOORD, and DOE DEFENDANTS 1-5 each are liable for causing PLAINTIFF'S injuries and damages by integrally participating or failing to intervene in the incident, and by engaging in acts and/or omissions around the time of the incident.

## **FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force))**
(BY PLAINTIFF AGAINST DEPUTIES ALFARO, MESERVEY, BOORD, and DOE DEFENDANTS 1-5)

41.    PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 40, inclusive, as if fully set forth herein.

42.    The arrest of PLAINTIFF deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.  The arrest was effected using excessive force.

43.    All told, DEPUTY ALFARO struck PLAINTIFF three times in the head with an improvised weapon, kneed him, and kicked PLAINTIFF full force as PLAINTIFF lay motionless on the ground.  PLAINTIFF had nothing in his hands, was complying with commands, and presented no threat to DEPUTY ALFARO or anyone else when DEPUTY ALFARO hit him and kicked him full force in the head.

44.    DEPUTY MESERVY struck PLAINTIFF approximately three times in the lower body and legs though PLAINTIFF had nothing in his hands, was complying with commands, and presented no threat to DEPUTY MESERVY or anyone else.

45.    DEPUTY BOORD tased PLAINTIFF for approximately six seconds though PLAINTIFF had nothing in his hands, was complying with commands, and presented no threat to DEPUTY MESERVY or anyone else.

46.    As a direct result of the aforesaid acts and omissions of DEPUTIES ALFARO, MESERVEY, BOORD, AND DOES 1-5, PLAINTIFF suffered great physical and mental injury, fear and emotional distress, in an amount according to proof.  As a result of their misconduct, Defendant DEPUTIES ALFARO, MESERVEY, BOORD, and DOE DEFENDANTS 1-5 are liable for PLAINTIFF'S injuries, either because they were integral participants in use of unreasonable force, or because they failed to intervene to prevent these violations, and by engaging in acts and/or omissions around the time of the incident.

COMPLAINT FOR DAMAGES

47. The conduct of ALFARO, MESERVEY, BOORD, and DOES 1-5 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary damages in an amount according to proof.

48. DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5 were acting under color of state law.

49. PLAINTIFF seeks damages for his pain and suffering under this claim.

50. PLAINTIFF seeks medical expenses under this claim.

51. PLAINTIFF also seeks costs and attorney fees under this claim.

## SECOND CAUSE OF ACTION

**(Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF against COUNTY; and DOES 6-10, inclusive)

52. PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 51, inclusive, as if fully set forth herein.

53. DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, acted under color of state law.

54. DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, acted pursuant to an expressly adopted of fiscal policy or longstanding practice or custom of the DEFENDANT COUNTY OF SAN BERNARDINO, and DOES 6-10, inclusive.

55. On information and belief, DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of PLAINTIFF'S rights.

56. DEFENDANTS COUNTY OF SAN BERNARDIN, and DOES 6-10, inclusive, together with other COUNTY policymakers and supervisors,

maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)   Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose an immediate risk of death or serious bodily injury to others;

(b)   Providing inadequate training regarding the use of force, including deadly force;

(c)   Providing inadequate training regarding de-escalation;

(d)   Employing and retaining as police officers, individuals such as DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, who DEFENDANT COUNTY OF SAN BERNARDINO, and DOES 6-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)   Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies, and other personnel, including DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, who COUNTY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits;

(f)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by deputies of the COUNTY OF SAN BERNARDINO;

(g)   Failing to adequately discipline COUNTY OF SAN BERNARDINO deputies for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude

of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

57.    By reason of the aforementioned acts and omissions, PLAINTIFF has endured substantial pain and suffering.

58.    DEFENDANTS COUNTY OF SAN BERNARDINO, and DOES 6-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

59.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS COUNTY OF SAN BERNARDINO, and DOES 6-10, inclusive, acted with intentional, reckless, and callous disregard for the PLAINTIFF'S Constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by DEFENDANTS COUNTY OF SAN BERNARDINO and DOES 6-10, inclusive, were affirmatively linked to and were a significantly influential force behind PLAINTIFF'S injuries.

60.    The acts of each of DEFENDANTS DOES 6-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 6-10, inclusive.

61.    Based on information and belief, the following are only a few examples of cases evidencing Defendant COUNTY'S unconstitutional policies, where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of San Bernardino routinely ratifies such behavior and maintains a practice of allowing such behavior:

(a)    On April 9, 2015, a group of deputies from the San Bernardino County Sheriff's Department surrounded and beat Francis Jared Pusok despite the fact that he did not pose a threat to any officer or any member of the public.  On information and belief, one of the deputies, Charles Foster, was convicted for the beating, but that conviction was later vacated and Deputy Foster pled guilty to disturbing the peace.  During closing argument in the trial, San Bernardino County Deputy District Attorney Robert Bulloch, decried what he called a "culture of violence" within the San Bernardino County Sheriff's Department brought on by a "code of silence."  On information and belief, despite a jury verdict finding Deputy Foster had committed assault under color of law, Deputy Foster was reinstated to the San Bernardino County Sheriff's Department.  Deputy Foster was returned to full duty at the same pay rate.

(b)    On January 26, 2018, deputies with the San Bernardino County Sheriff's department used excessive force on Gerardo Bernabe

COMPLAINT FOR DAMAGES

1    Vasquez.  On information and belief, while arresting Mr. Vasquez, the
2    deputies took him to the ground and placed him on his stomach.  The
3    deputies then punched Mr. Vasquez several times in the face and head
4    and handcuffed Mr. Vasquez behind his back.  After he had already been
5    placed in handcuffs, the deputies kicked Mr. Vasquez several times in
6    the face and head and at one point forcefully stomped on Mr. Vasquez's
7    head while he was still lying on his stomach on the ground with his
8    hands in handcuffs behind his back.  On information and belief, the
9    offending deputies were placed on paid administrative leave but were
10   not suspended by the department or otherwise disciplined by the
11   department after the department determined the deputies' actions were
12   "within policy."

13        (c)    In *Phillips, et al. v. County of San Bernardino, et al.*, case
14   no. 5:18-cv-02532, C.D. Cal., the COUNTY settled for $2.1 million with
15   the family of a woman who was shot and killed by a deputy working for
16   the COUNTY while driving in her vehicle despite not posing an
17   immediate threat of death or serious bodily injury to the deputy or
18   anyone else at the time of the shooting.

19        (d)    In *Ranero v. County of San Bernardino*, case no. 5:16-cv-
20   02655, C.D. Cal., the COUNTY settled with a man involved in a non-
21   fatal police shooting that resulted in serious injuries including the loss
22   of use of the victim's left leg. The COUNTY ratified the deputies'
23   conduct, found the shooting to be "within policy," and failed to
24   reprimand, retrain, or otherwise penalize the deputies for their conduct.

25        (e)    In *Archibald v. County of San Bernardino*, case no. 5:16-cv-
26   01128, C.D. Cal., the plaintiffs, the parents of a 29-year-old mentally
27   ill, unarmed man who was beat than shot and killed by a deputy working
28   for the COUNTY, argued that the deputy detained and arrested the

15

decedent without reasonable suspicion and probable cause and used excessive force, including deadly force, in the unlawful detention and arrest of decedent.  The jury in that case returned a $33.5 million verdict against the COUNTY and deputy and found for the plaintiffs on all claims.  The COUNTY ratified the deputy's conduct, found the detention and shooting to be "within policy," and failed to reprimand, retrain, or otherwise penalize the deputy for his conduct.  The COUNTY negligently retained the deputy following this shooting, which resulted in a subsequent shooting by the same deputy of another unarmed man, for which the COUNTY settled with the victim prior to any litigation.

62.   Accordingly, DEFENDANTS COUNTY OF SAN BERNARDINO and DOES 6-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

63.   PLAINTIFF also seeks attorneys' fees and costs under this claim.

### THIRD CAUSE OF ACTION

**(Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(By PLAINTIFF against COUNTY; and DOES 6-10, inclusive)

64.   PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.   DEFENDANTS DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, acted under color of law.

66.   The acts of DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

67.   On information and belief, COUNTY failed to properly and adequately train DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-

16

COMPLAINT FOR DAMAGES

5, inclusive, including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force.

68.    The training policies of DEFENDANT COUNTY OF SAN BERNARDINO were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and the use of less than lethal and lethal force.

69.    Moreover, the training policies of DEFENDANT COUNTY OF SAN BERNARDINO were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

70.    The training that COUNTY OF SAN BERNARDINO Sheriff's deputies, including DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, should have received with regards to the use of force to be used against someone who does not pose a threat to the safety of the officers or anyone else, includes training that deputies should not use physical force to restrain.

71.    DEFENDANT COUNTY OF SAN BERNARDINO and DOES 6-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

72.    The failure of DEFENDANT COUNTY OF SAN BERNARDINO and DOES 6-10, inclusive, to provide adequate training caused the deprivation of PLAINTIFF'S rights by DEFENDANTS DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive; that is, DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

73.    The following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of San Bernardino failed to adequately train its deputies with regard to the use of force:

COMPLAINT FOR DAMAGES

(a)     On April 9, 2015, a group of deputies from the San Bernardino County Sheriff's Department surrounded and beat Francis Jared Pusok despite the fact that he did not pose a threat to any officer or any member of the public.  On information and belief, one of the deputies, Charles Foster, was convicted for the beating, but that conviction was later vacated and Deputy Foster pled guilty to disturbing the peace.  During closing argument in the trial, San Bernardino County Deputy District Attorney Robert Bulloch, decried what he called a "culture of violence" within the San Bernardino County Sheriff's Department brought on by a "code of silence."  On information and belief, despite a jury verdict finding Deputy Foster had committed assault under color of law, Deputy Foster was reinstated to the San Bernardino County Sheriff's Department.  Deputy Foster was returned to full duty at the same pay rate.

(b)     On January 26, 2018, deputies with the San Bernardino County Sheriff's department used excessive force on Gerardo Bernabe Vasquez.  On information and belief, while arresting Mr. Vasquez, the deputies took him to the ground and placed him on his stomach. The deputies then punched Mr. Vasquez several times in the face and head and handcuffed Mr. Vasquez behind his back.  After he had already been placed in handcuffs, the deputies kicked Mr. Vasquez several times in the face and head and at one point forcefully stomped on Mr. Vasquez's head while he was still lying on his stomach on the ground with his hands in handcuffs behind his back.  On information and belief, the offending deputies were placed on paid administrative leave but were not suspended by the department or otherwise disciplined by the department after the department determined the deputies' actions were "within policy."

(c)     In *Phillips, et al. v. County of San Bernardino, et al.*, case no. 5:18-cv-02532, C.D. Cal., the COUNTY settled for $2.1 million with the family of a woman who was shot and killed by a deputy working for the COUNTY while driving in her vehicle despite not posing an immediate threat of death or serious bodily injury to the deputy or anyone else at the time of the shooting.

(d)     In *Ranero v. County of San Bernardino*, case no. 5:16-cv-02655, C.D. Cal., the COUNTY settled with a man involved in a non-fatal police shooting that resulted in serious injuries including the loss of use of the victim's left leg. The COUNTY ratified the deputies' conduct, found the shooting to be "within policy," and failed to reprimand, retrain, or otherwise penalize the deputies for their conduct.

(e)     In *Archibald v. County of San Bernardino*, case no. 5:16-cv-01128, C.D. Cal., the plaintiffs, the parents of a 29-year-old mentally ill, unarmed man who was beat than shot and killed by a deputy working for the COUNTY, argued that the deputy detained and arrested the decedent without reasonable suspicion and probable cause and used excessive force, including deadly force, in the unlawful detention and arrest of decedent.  The jury in that case returned a $33.5 million verdict against the COUNTY and deputy and found for the plaintiffs on all claims.   The COUNTY ratified the deputy's conduct, found the detention and shooting to be "within policy," and failed to reprimand, retrain, or otherwise penalize the deputy for his conduct.  The COUNTY negligently retained the deputy following this shooting, which resulted in a subsequent shooting by the same deputy of another unarmed man, for which the COUNTY settled with the victim prior to any litigation

74.   Accordingly, DEFENDANT COUNTY OF SAN BERNARDINO and DOES 6-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

75.   PLAINTIFF also seeks attorneys' fees and costs of suit.

**FOURTH CAUSE OF ACTION**

**(Municipal Liability – Ratification (42 U.S.C. § 1983)**

(By PLAINTIFF against COUNTY; and DOES 6-10, inclusive)

76.   PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77.   DEFENDANTS DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, acted under color of law.

78.   The acts of DEFENDANTS DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5, inclusive, deprived PLAINTIFF of his particular rights under the United States Constitution.

79.   Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

80.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DEFENDANTS DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5's, acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of DEFENDANTS DEPUTIES ALFARO, MESERVEY, BOORD, and DOES 1-5's, acts.

81.   On information and belief, COUNTY final policymakers, including DOES 6-10, inclusive, knew that PLAINTIFF never presented a risk

COMPLAINT FOR DAMAGES

of harm to an officer or anyone else and that PLAINTIFF was always unarmed during the incident and complied with officers' commands.

82.    Upon information and belief, a final policymaker has determined that the acts of DEFENDANTS DEPUTIES ALFARO, MESERVEY, and BOORD, were "within policy."

83.    COUNTY has a custom and practice of not disciplining, reprimanding, retraining, suspending, or otherwise penalizing its deputies in connection with the underlying acts reflected in several unconstitutional uses of force by COUNTY employees.

84.    On April 9, 2015, a group of deputies from the San Bernardino County Sheriff's Department surrounded and beat Francis Jared Pusok despite the fact that he did not pose a threat to any officer or any member of the public. On information and belief, one of the deputies, Charles Foster, was convicted for the beating, but that conviction was later vacated and Deputy Foster pled guilty to disturbing the peace.  During closing argument in the trial, San Bernardino County Deputy District Attorney Robert Bulloch, decried what he called a "culture of violence" within the San Bernardino County Sheriff's Department brought on by a "code of silence."  On information and belief, despite a jury verdict finding Deputy Foster had committed assault under color of law, Deputy Foster was reinstated to the San Bernardino County Sheriff's Department.  Deputy Foster was returned to full duty at the same pay rate.

85.    On January 26, 2018, deputies with the San Bernardino County Sheriff's department used excessive force on Gerardo Bernabe Vasquez.  On information and belief, while arresting Mr. Vasquez, the deputies took him to the ground and placed him on his stomach. The deputies then punched Mr. Vasquez several times in the face and head and handcuffed Mr. Vasquez behind his back.  After he had already been placed in handcuffs, the deputies kicked Mr. Vasquez several times in the face and head and at one point

21

1    forcefully stomped on Mr. Vasquez's head while he was still lying on his
2    stomach on the ground with his hands in handcuffs behind his back.    On
3    information and belief, the offending deputies were placed on paid
4    administrative leave but were not suspended by the department or otherwise
5    disciplined by the department after the department determined the deputies'
6    actions were "within policy."

7        86.    On April 29, 2018, deputies with the County's Sheriff's
8    Department fractured the elbow and wrist of Jeanette Garcia when they
9    brutally threw her to the ground and forcefully pulled her into a police car by
10    her arm after she complained of being in excruciating pain.    Ms. Garcia did
11    not resist arrest in any way.    Her hands were visible at all times and she did
12    not present a danger to the officers or any other person.    Ms. Garcia suffered
13    lasting injuries as a result of the unwarranted use of excessive force.

14        87.    Defendants COUNTY OF SAN BERNARDINO and DOES 6-10,
15    together with other COUNTY OF SAN BERNARDINO policymakers and
16    supervisors, maintained, inter alia, the following unconstitutional customs,
17    practices, and policies:

18            (a)    Using excessive force;

19            (b)    Providing inadequate training regarding the use of force;

20            (c)    Employing and retaining as police officers individuals such
21        as DEFENDANTS DEPUTIES ALFARO, MESERVEY, BOORD, and
22        DOES 1-5, who Defendant COUNTY OF SAN BERNARDINO at all
23        times material herein knew or reasonably should have known had
24        dangerous propensities for abusing their authority and for using
25        excessive force;

26            (d)    Inadequately supervising, training, controlling, assigning,
27        and disciplining COUNTY OF SAN BERNARDINO deputies, and other
28        personnel,    including    DEFENDANTS    DEPUTIES    ALFARO,

22

MESERVEY, BOORD, AND DOES 1-5, who COUNTY OF SAN BERNARDINO, and DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities or character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY OF SAN BERNARDINO deputies;

(f)    Failing to adequately discipline COUNTY OF SAN BERNARDINO sheriff's deputies and investigators for the above-mentioned categories of misconduct, including inadequate discipline that is tantamount to encouraging misconduct;

(g)    Ratifying the use of excessive force by COUNTY OF SAN BERNARDINO sheriff's deputies;

(h)    Maintaining a policy of inaction and an attitude of indifference towards police brutality and incidents of excessive force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in excessive force incidents;

88.    Defendants COUNTY OF SAN BERNARDINO, and DOES 6-10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

COMPLAINT FOR DAMAGES

89.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant DOES 6-10 acted with intentional, reckless, and callous disregard for PLAINTIFF's constitutional rights.   Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants COUNTY OF SAN BERNARDINO, and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

90.   The acts of each of Defendants DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 6-10.

91.   PLAINTIFF seeks compensatory damages under this claim.

92.   PLAINTIFF seeks attorney fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.      For compensatory damages, according to proof at trial;

2.      For medical expenses;

3.      For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

4.      For attorney's fees;

5.      For costs of suit and interest incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

Dated:  January 22, 2021          **LAW OFFICES OF GRECH & PACKER**

By:   _/s/     Trenton C. Packer_
                         Trenton C. Packer
                         *Attorneys for Plaintiff*

25

# **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby submits this demand that this action be tried in front of a jury.

Dated:  January 22, 2021          **LAW OFFICES OF GRECH & PACKER**

By:   _/s/_     *Trenton C. Packer*
                      Trenton C. Packer
                      *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES